JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Vincent S. DiCioccio, Esquire, Administrator of the Estate of Hendrio F. Salata, Sr., deceased, 835 West Lancaster Ave., #200, Bryn Mawr, PA 19010

**DEFENDANTS**

Don Y. Chung, M.D.
Pottstown Medical Center, 1600 E. High Street
Pottstown, PA 19464 (See Attached)

(b) County of Residence of First Listed Plaintiff     Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Eric H. Weitz, Esquire, Attorney for Plaintiff
Messa & Associates, 123 South 22nd St., Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Medical Malpractice/EMTALA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE
03/25/2013

SIGNATURE OF ATTORNEY OF RECORD
/s/ Eric H. Weitz, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

<u>Attachment to Civil Cover Sheet</u>

Nainesh Patel, M.D.
1591 Medical Drive
Pottstown, PA 19464

     and

Pottstown Hospital Company, LLC d/b/a
and/or a/k/a Pottstown Memorial Medical Center
1600 E. High Street
Pottstown, PA  19464

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA --- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __835 W. Lancaster Ave., #200, Bryn Mawr, PA 19010__

Address of Defendant: __1600 E. High St., Pottstown, PA 19464__
__Pottstown Memorial Medical Center__
Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☒

Does this case involve multidistrict litigation possibilities?          Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) __EMTALA__

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                          Attorney-at-Law              Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __March 25, 2014__   __Eric H. Weitz, Esq.__          __65514__
                            Attorney-at-Law                  Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _835 W. Lancaster Ave., #200, Bryn Mawr, PA 19010_

Address of Defendant: _1600 E. High St., Pottstown, PA 19464_
_Pottstown Memorial Medical Center_

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐ No☒

Does this case involve multidistrict litigation possibilities?    Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) _EMTALA_

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
Attorney-at-Law                    Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _March 25, 2014_     _Eric H. Weitz, Esq._     _65514_
Attorney-at-Law                    Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Vincent S. DiCioccio, Esquire,         :        CIVIL ACTION
et al.                                 :
              v.                       :
Don Y. Chung, M.D., et al.             :
                                       :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( x )

| March 25, 2014 | Eric H. Weitz, Esq. | Vincent S. DiCioccio, Esq. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-568-3500 | 215-568-3501 | eweitz@messalaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

**VINCENT S.  DiCIOCCIO, ESQUIRE,**
Administrator of the Estate of **HENDRICO F.**          CIVIL ACTION
**SALATA, Sr.  Deceased,**
835 West Lancaster Avenue, #200                          NO.
Bryn Mawr, PA 19010
                                                         **JURY TRIAL DEMANDED**
                        Plaintiff,

            vs.

**DON Y. CHUNG, M.D.**
Pottstown Memorial Medical Center
1600 E. High Street
Pottstown, PA 19464,
      and
**NAINESH PATEL, M.D.**
1591 Medical Drive
Pottstown, PA 19464,
      and
**POTTSTOWN HOSPITAL COMPANY,
LLC**
d/b/a and/or a/k/a POTTSTOWN MEMORIAL
MEDICAL CENTER
1600 E. High Street
Pottstown, PA 19464,

                        Defendants


## COMPLAINT

I.      **PARTIES**

1.      Plaintiff, Vincent S. DiCioccio, Esquire, is an adult individual and citizen of the

        Commonwealth of Pennsylvania with a usual place of business at 835 West Lancaster

        Avenue, #200, Bryn Mawr, PA 19010.

2.    On October 17, 2013, Mr. DiCioccio was appointed the Administrator of the Estate of Hendrico F. Salata, Sr.  [A true and correct copy of the certification is attached as Exhibit "A"].

3.    Hendrico F. Salata, Sr. was an adult individual and citizen of the Commonwealth of Pennsylvania residing at 112 North Charlotte Street, Apt. 2, Pottstown, Pennsylvania, 19464.

4.    Mr. Salata was born on January 10, 1964 and died on May 30, 2012.

5.    Defendant, Don Y. Chung ("Dr. Chung"), is a physician specializing in the field of internal medicine with a principle place of business located at 1600 E. High Street, Pottstown, Pennsylvania 19464.

6.    Plaintiff is alleging a professional liability action against Dr. Chung.

7.    A Certificate of Merit applicable to Dr. Chung is attached as Exhibit "B".

8.    Defendant, Nainesh Patel, M.D. ("Dr. Patel"), is a physician specializing in the field of cardiology with a principle place of business located at 1591 Medical Drive, Pottstown, Pennsylvania, 19464.

9.    Plaintiff is alleging a professional liability action against Dr. Patel.

10.    A Certificate of Merit applicable to Dr. Patel is attached as Exhibit "C".

11.    Defendant, Pottstown Hospital Company, LLC is a Delaware Limited Liability Company with a principle place of business located at 1600 E. High Street, Pottstown, Pennsylvania 19464.

12.    After a diligent search of the corporate records on file with the Pennsylvania Department of State and the Delaware Secretary of State, Plaintiff is unable to ascertain the identity of the member and/or members of Pottstown Hospital Company, LLC.

13.  At all relevant and material times, Pottstown Hospital Company, LLC transacted business in its own name and/or in its fictitious name of Pottstown Memorial Medical Center [hereinafter referred to as "Pottstown Hospital"].

14.  Plaintiff is alleging a professional liability action against Pottstown Hospital.

15.  A Certificate of Merit applicable to Pottstown Hospital Company, LLC is attached as Exhibit "D".

16.  At all relevant and material times, Pottstown Hospital acted by and through its members, officers, employees, board members, credentialed physicians, nurses, technicians, interns, residents, attending physicians, ostensible agents and/or agents including, but not limited to, Dr. Chung, Dr. Patel, Denise Babcock, R.N., Dr. Sabeena Fazilli, Heather Richards, R.N., Tiffany M. DeFrain, R.N., Crystal Ford, Nurse Filiped, Ivey Bean, Renada Beasley, Dianne Morales, as well as the other healthcare providers involved in Hendrico F. Salata, Sr.'s care from May 28, 2012 through May 29, 2012 whose signature is indecipherable and/or whose name does not appear in the medical records, who were all acting within the course and scope of their employment and/or agency with respect to the care of Mr. Salata and/or the creation, implementation, enforcement, and performance of all applicable policies and procedures and by virtue of the fact that Pottstown Hospital controlled and/or had the right to control these individuals such that it is vicariously liable for their negligence.

17.  At all relevant and material times, Dr. Chung, Dr. Patel, Denise Babcock, R.N., Dr. Sabeena Fazilli, Heather Richards, R.N., Tiffany M. DeFrain, R.N., Crystal Ford, Nurse Filiped, Ivey Bean, Renada Beasley, Dianne Morales, as well as any other healthcare provider involved in Hendrico F. Salata, Sr.'s care from May 28, 2012 through May 29,

2012,  were agents, servants, employees and/or ostensible agents of Pottstown Hospital and subject to Pottstown Hospital control and/or right of control such that it is vicariously liable for their negligence.

## II.   <u>VENUE AND JURISDICTION</u>

18. Pottstown Hospital is a "participating hospital" in the United States Medicare program in that it has entered into a provider agreement pursuant to 42 U.S.C. § 1395cc.

19. Pursuant to 42 U.S.C. § 1395dd(a), Pottstown Hospital and the Defendants are subject to the provisions of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd.

20. This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331.

21. Venue is appropriate in the Eastern District of Pennsylvania pursuant to 28 U.S. C. §1391(b) because the Defendants are in this judicial district and the events or omissions giving rise to the claim occurred in this judicial district.

## III.   <u>THE FACTS</u>

22. On May 28, 2012, at approximately 3:25 a.m., Hendrico F. Salata, Sr. arrived at the Emergency Department at Pottstown Hospital and made a request for emergency examination, treatment and stabilization.

23. Mr. Salata complained of severe chest pain that radiated to his neck and jaw that began during normal activity.

24. Mr. Salata rated his pain as 7/10, and informed Defendants that his symptoms were exacerbated by nothing and relieved by nothing.

25. Mr. Salata was noted to have a past medical history of hypertension and was also noted to be a smoker.

26. Defendants recorded Mr. Salata's chief complaint was noted as "Chest Pain—Suspected Cardiac."

27. At approximately 7:35 a.m. on May 28, 2012, Mr. Salata was transferred to an inpatient bed in the Progressive Care Unit where he was admitted to the service of Dr. Chung.

28. Upon admission, Dr. Chung performed a history and physical on Mr. Salata.

29. Dr. Chung noted that Mr. Salata had a past medical history of hypertension and that he presented to the Emergency Department with chest pain.

30. Dr. Chung noted that the "symptoms occurred at rest and were gradual in onset. The symptoms were coming and going. He describes the pain as burning, across his chest and radiates up into his neck and into his jaw…It was a 10/10 in severity. It was associated with shortness of breath and belching."

31. Dr. Chung noted that Mr. Salata's heart rhythm had prominent Q-waves.

32. Dr. Chung's Impression and Plan was "Chest pain. Check serial sets of enzymes. Consult Cardiology. This could be gastroesophageal reflux disease. It also potentially could be cardiac cause of his pain."

33. Thereafter, Dr. Patel evaluated Mr. Salata.

34. Dr. Patel noted Mr. Salata's recent history of chest pain.

35. Dr. Patel wrote that Mr. Salata's cardiac enzymes were negative for myocardial infarction even though Mr. Salata's CK and troponin were abnormal.

36. Dr. Patel interpreted Mr. Salata's EKG as having ST-T changes consistent with early repolarization.

37. Dr. Patel's impression was "chest discomfort, possible reflux or possible unstable angina. Difficult to say, but the patient does have some risk factors."

38. Unstable angina is an emergent an emergent condition.

39. Unstable angina means that a patient is not stable.

40. Dr. Patel's plan was to "watch him closely and repeat his EKGs, and also check 2 more sets of enzymes.  If there is any question in terms of enzyme elevation, I would recommend either a cardiac catheterization or a stress test."

41. In the absence of enzyme elevation, Dr. Patel's plan was to discharge Mr. Salata and place him on proton pump inhibitors and have an outpatient stress test.

42. At 9:33 a.m., Mr. Salata's cardiac enzymes were checked revealing increasing troponins of .508 placing this reading even further outside of the normal range and confirming the presence of unstable angina.

43. Pursuant to an Interdisciplinary Progress Note from May 28, 2012 at 12:20 p.m., Nurse DeFrain contacted Dr. Chung and advised him of Mr. Salata's elevated troponin level.

44. Pursuant to Dr. Patel's plan, these elevated troponins required either inpatient cardiac catheterization or stress test to protect Mr. Salata from further harm.

45. However, neither a cardiac catheterization nor a stress test was performed.

46. At approximately 12:30 p.m. on May 28, 2012, Mr. Salata was noted to have complaints of chest discomfort confirming the presence of unstable angina.

47. Mr. Salata was never stabilized.

48. Rather, on May 29, 2012, at approximately 8:45 a.m., Dr. Patel authenticated an order stating that it was "ok to discharge [Mr. Salata] from a cardiac perspective," which was in direct contravention of his own recommendation just one day prior that Mr. Salata was to undergo either inpatient cardiac catheterization or stress test in the event of elevated cardiac enzymes.

6

49. Pursuant to a cardiology note of May 29, 2012 at 8:50 a.m., which was authenticated by Dr. Patel, Mr. Salata had woken up "last night [with] chest burning."

50. In that same note, it was noted that Mr. Salata's troponins were "#1- 0.258, #2- 0.508 and #3- 0.449."

51. Despite noting the elevated troponin levels and recent episode of burning chest pain, Mr. Salata was not stabilized.

52. On May 29, 2012 at 10:30 a.m., Mr. Salata was noted to be complaining of "severe substernal burning."

53. The progress note from 10:30 a.m. noted that Mr. Salata's second set of cardiac enzymes revealed elevated troponins of .508.

54. Despite the elevated troponins, another episode of severe substernal burning, the plan remained for Mr. Salata to be discharged and have an outpatient stress test.

55. Only one hour after Mr. Salata's recent episode of recurrent severe chest pain, Mr. Salata was discharged home.

56. At the time of discharge, only one day after Mr. Salata had presented to the emergency department, Mr. Salata's life-threatening cardiac condition had not been stabilized.

57. Further, Mr. Salata's discharge prior to undergoing either inpatient stress test or cardiac catheterization despite elevated troponins violated the plan set forth by Dr. Patel just one day earlier.

58. On May 30, 2012, less than 24 hours after discharge, Mr. Salata collapsed in the bathroom at work.

59. Mr. Salata's co-workers found him slumped over and not breathing.

60. Mr. Salata's co-workers called 911.

61. The emergency medical response arrived quickly and found Mr. Salata in ventricular fibrillation which progressed quickly to asystole.

62. Full Advanced Cardiac Life Support measures were instituted and Mr. Salata was given multiple rounds of ACLS medications.

63. Mr. Salata was transported to Pottstown Hospital and arrived in the Emergency Department at approximately 7:55 a.m.

64. At triage, Mr. Salata had no pulse and a respiratory rate of 0.

65. At approximately 8:05 a.m., Mr. Salata had no pulse, no blood pressure and he was noted to be cyanotic and purple.

66. The Clinical Impression was "Dead on Arrival; Sudden Death and Cardiorespiratory Failure."

67. The cause of death was recorded on the Death Certificate as "Acute Myocardial Infarction."

## IV. **THE RULES**

68. It was Defendants' responsibility to identify the most life-threatening illnesses that Mr. Salata may have had during his emergency department presentation and subsequent admission at Pottstown Hospital from May 28, 2012 through May 29, 2012.

69. Likewise, it was Defendants' responsibility to rule out the most life-threatening illnesses that Mr. Salata may have had during his emergency department presentation and subsequent admission at Pottstown Hospital from May 28, 2012 through May 29, 2012.

70. Defendants knew that unstable angina was a life-threatening emergency which could cause imminent death if not properly treated and stabilized.

71.  Defendants knew that patients suffering from unstable angina with elevated cardiac enzymes were at risk of imminent death without proper diagnosis, monitoring, treatment and stabilization.

72.  Defendants knew that patients suffering from unstable angina with elevated cardiac enzymes required cardiac catheterization to protect a patient from risk of sudden death from a cardiac event.

73.  Defendants knew that the earlier an impending heart attack was diagnosed and treated, the better the chance of cure.

74.  Defendants knew that the failure to diagnose, treat and stabilize unstable angina could lead to imminent death.

75.  Defendants knew that discharging a patient from the hospital with unstable angina and elevated cardiac enzymes could lead to imminent death.

76.  Defendants knew that all patients, including Mr. Salata, were relying on doctors, nurses, hospital and medical staff to ensure that life-threatening cardiac emergencies were properly diagnosed, monitored and treated.

77.  Defendants knew that all patients, including Mr. Salata, rely on doctors, nurses, hospital and medical staff to tell them if they have a potentially life-threatening condition.

78.  Defendants knew that all patients, including Mr. Salata, were relying on doctors, nurses, hospital and medical staff to protect them from preventable sudden cardiac death.

79.  Defendants knew that all patients, including Mr. Salata, should be protected from preventable harm.

80.  Defendants knew that in treating all patients, including Mr. Salata, they were required to follow the standard of care for the protection of patients from forseeable harm.

9

81. Defendants should have ensured that Mr. Salata's unstable angina with elevated cardiac enzymes was properly diagnosed, monitored and treated.

82. Defendants should have ensured that Mr. Salata's life-threatening cardiac emergency was stabilized prior to his discharge from the hospital.

83. When exercising medical judgment, a healthcare provider must always choose the safest choice for the patient.

84. A healthcare provider must never needlessly endanger his/her/its patient.

85. A healthcare provider must provide medical care which meets the standard of care regardless of the social background of the patient, medical background of the patient, and the patient's ability to pay for medical services rendered.

## V.   THE CLAIMS

**FIRST CAUSE OF ACTION: WRONGFUL DEATH ACT**
**ESTATE OF HENDRICO F. SALATA, SR.,**
**BY THE ADMINISTRATOR, VINCENT S. DICIOCCIO**
**VS.**
**DEFENDANTS**

86.   Plaintiff incorporates by reference the preceding allegations as though they were fully set forth at length herein.

87. Vincent S. DiCioccio brings this action on behalf of the beneficiaries under and by virtue of the Wrongful Death Act, 42 Pa.C.S. § 8301, and the applicable Rules of Civil Procedure and common law.

88. As a result of the joint and several carelessness, negligent acts and/or omissions of defendants, Hendrico F. Salata, Sr. was caused to suffer extreme pain, grave injuries and death resulting in the entitlement of damages to the Estate of Hendrico F. Salata, Sr., deceased and his beneficiaries.

89. Vincent S. DiCioccio claims expenses recoverable under the Wrongful Death Act, including, but not limited to, damages for funeral and burial expenses and all expenses of administration made necessary because of Hendrico F. Salata, Sr.'s death.

90. The Wrongful Death Act beneficiaries are:

    a.  Lavender Greene – adult daughter;

    b.  Raynece Johnson-Salata – adult daughter;

    c.  Raeshelle Johnson-Salata – adult daughter;

    d.  Briona Salata – adult daughter;

    e.  Diamonique Salata – adult daughter;

    f.  Hendrico  Salata, Jr. – minor son;

    g.  Nicolette Salata – minor daughter; and

    h.  Marina Clements-Salata – minor daughter.

91. On behalf of the Wrongful Death Act beneficiaries, Vincent S. DiCioccio, as Administrator of the Estate of Hendrico F. Salata, Sr., deceased, claims damages for monetary support that decedent would have provided to the beneficiaries during his lifetime including, but not limited to, the supported provided or which could have been expected to have been provided to the beneficiaries.

92. On behalf of the Wrongful Death Act beneficiaries, Vincent S. DiCioccio, as Administrator of the Estate of Hendrico F. Salata, Sr., deceased, claims damages for services provided or which could have been expected to have been performed in the future by decedent.

93. On behalf of the Wrongful Death Act beneficiaries, Vincent S. DiCioccio, as Administrator of the Estate of Hendrico F. Salata, Sr., deceased, claims damages for the loss of companionship, comfort, society, guidance, solace and protection of decedent.

94. On behalf of the Wrongful Death Act beneficiaries, Vincent S. DiCioccio, as Administrator of the Estate of Hendrico F. Salata, Sr., deceased, claims damages for all pecuniary losses suffered by the beneficiaries.

95. On behalf of the Wrongful Death Act beneficiaries, Vincent S. DiCioccio, as Administrator of the Estate of Hendrico F. Salata, Sr., deceased, claims damages for the full measure of damages allowed under the Wrongful Death Act of Pennsylvania and common law interpreting the Act.

WHEREFORE, Vincent S. DiCioccio, as Administrator of the Estate of Hendrico F. Salata, Sr. demands judgment against defendants, jointly and severally, for damages in excess of the Pennsylvania Commonwealth jurisdictional limit for arbitration, together with such interest, costs and such other relief this Court deems just and proper.

### SECOND CAUSE OF ACTION: SURVIVAL ACTION
### ESTATE OF HENDRICO F. SALATA, SR.,
### BY THE ADMINISTRATOR, VINCENT S. DICIOCCIO
### VS.
### DEFENDANTS

96. Plaintiff incorporates by reference the preceding allegations as though they were fully set forth at length herein.

97. Vincent S. DiCioccio, as Administrator of the Estate of Hendrico F. Salata, Sr., deceased brings this Survival Action on behalf of the Estate of Hendrico F. Salata, Sr., deceased, under and by virtue of the Survival Act, 42 Pa. C.S.A. § 8302 and the applicable Rules of Civil Procedure and common law.

98. As a result of the carelessness, negligence and/or negligent omissions of Defendants, Hendrico F. Salata, Sr. was caused severe pain and suffering, grave injuries and death resulting in the entitlement to damages by the beneficiaries under the Survival Act.

99. On behalf of Decedent's Estate, the Administrator claims loss of earnings and economic loss to the Decedent's Estate including, but not limited to, Decedent's total estimated future earning power less his cost of personal maintenance as a result of Decedent's death.

100. On behalf of Decedent's Estate, the Administrator claims all loss of income, retirement and Social Security income as a result of Decedent's death.

101. On behalf of the Survival Act beneficiaries, the Administrator claims damages for the pain, suffering and inconvenience endured by Decedent prior to death including, but not limited to, physical pain and suffering, mental pain and suffering, and the fright and mental suffering attributed to the peril leading to Decedent's death.

102. Vincent S. DiCioccio, as Administrator of the Estate of Hendrico F. Salata, Sr., claims the full measure of damages under the Survival Act and common law interpreting said Act.

WHEREFORE, Vincent S. DiCioccio, as Administrator of the Estate of Hendrico F. Salata, Sr. demands judgment against defendants, jointly and severally, for damages in excess of the Pennsylvania Commonwealth jurisdictional limit for arbitration, together with such interest, costs and such other relief this Court deems just and proper.

### THIRD CAUSE OF ACTION: NEGLIGENCE
### ESTATE OF HENDRICO F. SALATA, SR.,
### BY THE ADMINISTRATOR, VINCENT S. DICIOCCIO
### VS.
### DEFENDANTS

103. Plaintiff incorporates by reference the preceding allegations as though they were fully set forth at length herein.

104. The joint and several negligence, carelessness and/or recklessness of the Defendants consists of the following:

   a. Failing to timely diagnose Mr. Salata's life-threatening cardiac condition;

   b. Failing to properly diagnose Mr. Salata's condition;

   c. Failing to appropriately manage Mr. Salata's condition;

   d. Failing to appropriately treat the signs and symptoms of an emergency medical condition;

   e. Failing to appropriately evaluate and monitor Mr. Salata's chest pain and elevated troponin levels in the hospital;

   f. Failing to stabilize Mr. Salata's life-threatening cardiac condition;

   g. Failing to rule out unstable angina as the cause of Mr. Salata's chest pain;

   h. Failing to appreciate the significance of Mr. Salata's chest pain and elevated troponin levels;

   i. Ignoring Mr. Salata's complaints of chest pain prior to his discharge;

   j. Failing to recognize that Mr. Salata was at risk for imminent myocardial infarction;

   k. Failing to determine the source of Mr. Salata's chest pain;

14

l.  Knowing the risks of serious myocardial infarction and failing to communicate those risks to Mr. Salata;

m.  Failing to ensure adequate communication with the consulting cardiologist;

n.  Failing to perform an inpatient cardiac catheterization pursuant to the standard of care and Dr. Patel's initial plan;

o.  Recommending an outpatient stress test for a patient with unstable angina and elevated troponins;

p.  Discharging Mr. Salata despite his unstable angina and elevated troponin levels;

q.  Discharging Mr. Salata only one hour after an episode of burning chest pain at rest;

r.  Discharging Mr. Salata without performing an inpatient cardiac catheterization;

s.  Discharging Mr. Salata before stabilizing his life-threatening cardiac condition;

t.  Discharging Mr. Salata with a life-threatening condition;

u.  Failing to prevent Mr. Salata from imminent, yet preventable, death;

v.  Failing to take precautions to ensure that Mr. Salata did not die from myocardial infarction;

w.  Failing to take proper cognizance of the severity of Mr. Salata's condition;

x.  Failing to create, implement and/or adhere to policies or procedures necessary to ensure timely diagnosis and treatment of cardiac conditions;

y.  Failing to timely address Mr. Salata's medical condition that was not improving;

z.  Failing to protect Mr. Salata from further harm;

aa. Failing to advise Mr. Salata of his treatment options;

bb. Needlessly endangering Mr. Salata; and

15

cc. Failing to identify the most life-threatening illnesses and then addressing them.

105. As a proximate result of the individual, collective and/or vicarious negligence, carelessness and/or negligent omissions set forth above, Hendrico F. Salata, Sr. was caused to suffer injuries, losses and damages including:

    a.   pain and suffering;

    b.   mental anguish;

    c.   loss of future earnings and/or capacity;

    d.   loss of life's pleasures;

    e.   humiliation;

    f.   embarrassment;

    g.   emotional and psychological trauma;

    h.   medical expenses; and

    i.   death.

106. As a proximate result of the individual, collective and/or vicarious failures to act and/or negligent delays in taking indicated diagnostic or therapeutic steps, Mr. Salata was caused to suffer the injuries, losses set forth above.

107. Because Defendants had a significant possibility of avoiding injuries to Mr. Salata and Defendants destroyed that possibility, Defendants are liable for the injuries, losses and damages set forth above.

WHEREFORE, Vincent S. DiCioccio, as Administrator of the Estate of Hendrico F. Salata, Sr. demands judgment against defendants, jointly and severally, for damages in excess of the Pennsylvania Commonwealth jurisdictional limit for arbitration, together with such interest, costs and such other relief this Court deems just and proper.

## FOURTH CAUSE OF ACTION: CORPORATE NEGLIGENCE
### ESTATE OF HENDRICO F. SALATA, SR.,
### BY THE ADMINISTRATOR, VINCENT S. DICIOCCIO
### VS.
### POTTSTOWN HOSPITAL

108. Plaintiff incorporates by reference the preceding allegations as though they were fully set forth at length herein.

109. Pottstown Hospital acted by and through its agents, servants, employees and/or ostensible agents.

110. The corporate negligence of Pottstown Hospital consists of the following:

   a. Failing to select and retain competent physicians;

   b. Failing to provide appropriate and adequate supervision of all those who practice medicine within its walls;

   c. Failing to have and enforce appropriate policies and procedures relating to:

      i. The rules, regulations and procedures mandated by the laws of the Commonwealth of Pennsylvania and the standards promulgated by national standards organizations including without limitation the Joint Commission and the American Hospital Association that reflect, either in whole or in part, the standards of care for creating, implementing and enforcing policies and procedures relating to the handling of Mr. Salata's condition at the hospital;

      ii. Failing to have proper rules, regulations, controls, and protocols in place which are medically relevant to ensure that a patient such as Hendrico F. Salata, Sr. would be properly diagnosed, treated and stabilized by the Hospital's medical and professional staff;

17

iii. Failing to furnish, maintain and have available all customary and necessary equipment, facilities, and staff necessary to perform the required diagnostic tests and treatments;

iv. Failing to properly select, retain, and monitor the competency of the medical staff and employees and house physicians;

v. Failing to ensure that such employees and physicians were not given responsibility which exceeded the level of training and skill reasonably be expected of one still learning his or her specialty and/or which exceeded the level of training and skill reasonably to be expected by one practicing in his or her area of specialization;

vi. Permitting inexperienced and unqualified physicians to treat Hendrico F. Salata, Sr. without the assistance of an experienced physician;

vii. Failing to create and implement patient safety protocols to ensure that patients with chest pain were properly evaluated, treated and stabilized;

viii. Failing to create and implement patient safety protocols to ensure that patients with unstable angina were not released from the hospital without treatment and stabilization;

ix. Failing to create and implement patient safety protocols to ensure that patients weren't prematurely discharged from the hospital while suffering from signs and symptoms of imminent myocardial infarction;

111. As a proximate result of the joint and several negligence, carelessness and/or recklessness of the Defendants set forth above, Mr. Salata was caused to suffer the injuries, losses set forth above.

112. Because Defendants had a significant possibility of avoiding injuries to Mr. Salata and Defendants destroyed that possibility, Defendants are liable for the injuries, losses and damages set forth above.

WHEREFORE, Vincent S. DiCioccio, as Administrator of the Estate of Hendrico F. Salata, Sr. demands judgment against defendants, jointly and severally, for damages in excess of the Pennsylvania Commonwealth jurisdictional limit for arbitration, together with such interest, costs and such other relief this Court deems just and proper.

**FIFTH CAUSE OF ACTION: EMERGENCY MEDICAL TREATMENT AND ACTIVE LABOR ACT (EMTALA) VIOLATION ESTATE OF HENDRICO F. SALATA, SR., BY THE ADMINISTRATOR, VINCENT S. DICIOCCIO VS. POTTSTOWN HOSPITAL**

113. Plaintiff incorporates by reference the preceding allegations as though they were fully set forth at length herein.

114. Pursuant to 42 U.S.C. § 1395dd(b), "if any individual…comes to the hospital and the hospital determines that the individual has an emergency medical condition, the hospital must provide either – (A) within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or (B) transfer of the individual to another medical facility…"

115. At all times material hereto, Pottstown Hospital was required to stabilize Mr. Salata's emergent medical condition by taking actions to ensure that "no material deterioration of the condition is likely, within reasonable medical probability, to result from" transfer or discharge.

116. At all times material hereto, Pottstown Hospital was not permitted to utilize the admission process as subterfuge to circumvent the stabilization requirement of EMTALA.

117. Further, at all times material hereto, Pottstown Hospital was not permitted to admit a patient to the hospital with no intention of treating the patient and then discharging the patient without having met the stabilization requirement.

118. Pottstown Hospital violated § 1395(d)(d)(b) by failing to stabilize Hendrico F. Salata, Sr.'s known emergency medical condition, as follows:

    a.  Failing to conduct a full and complete medical screening examination;

    b.  Treating Hendrico F. Salata, Sr. disparately from other similarly situated patients;

    c.  Departing from standard medical screening examination of patients with complaints and symptoms similar to those of Hendrico F. Salata, Sr.;

    d.  Failing to stabilize Hendrico F. Salata, Sr.'s condition;

    e.  Failing to perform an inpatient cardiac catheterization in the face of elevated cardiac enzymes in violation of Defendant Patel's plan;

    f.  Failing to treat and stabilize Mr. Salata's unstable angina, which was a medical condition known to Defendants;

    g.  Failing to provide a level of screening and take standard precautions necessary to treat and stablize Mr. Salata's imminently life-threatening cardiac condition;

    h.  Discharging Mr. Salata from the hospital only twenty-eight hours after his admission;

    i.  Discharging Mr. Salata from the hospital despite failing to perform the tests recommended by Dr. Patel;

j.  Discharging Mr. Salata from the hospital despite recurrent severe chest pain during the course of his admission;

k.  Recommending an outpatient stress-test, when Defendants knew that unstable angina could lead to sudden death at any time without proper monitoring, treatment and stabilization;

l.  Failing to provide a level of screening examination reasonably calculated to identify and stabilize critical conditions that may be afflicting symptomatic patients uniformly to all those who present with substantially similar conditions;

m.  Failing to adhere to their own standard policies, procedures, protocols, care paths and/or critical pathways for patients presenting to the hospital with severe chest pain; and

n.  Failing to provide a medical screening and appropriate interventions within the capabilities of the hospital.

119. As a direct and proximate result of Pottstown Hospital's failure to treat and stabilize Mr. Salata's emergency medical condition as required by EMTALA, Mr. Salata was caused to suffer the injuries, losses set forth above.

WHEREFORE, Vincent S. DiCioccio, as Administrator of the Estate of Hendrico F. Salata, Sr. demands judgment against defendants, jointly and severally, for damages in excess of the Pennsylvania Commonwealth jurisdictional limit for arbitration, together with such interest,

costs and such other relief this Court deems just and proper.

MESSA & ASSOCIATES, P.C.

Dated: March 25, 2014                    By:   _s/ Eric H. Weitz, Esquire_
                                              Eric H. Weitz, Esquire
                                              Counsel for Plaintiff

22

EXHIBIT "A"

**SHORT CERTIFICATE**
**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF MONTGOMERY**

     I, D. Bruce Hanes, Register of Wills in the County of Montgomery, in the Commonwealth of Pennsylvania, DO HEREBY CERTIFY that on the 17th day of October 2013 Letters Administration on the Estate of HENDRICO F SALATA SR (aka HENRICO SALATA),

deceased, were granted to
**VINCENT S DICIOCCIO**

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record in my office.

File number: 46-2012-X3236

Date of Death: 5/30/2012

Social Security Number: 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

Given under my hand and seal of office this
**17th day of October 2013**

Montgomery County Register of Wills

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

**VINCENT S. DiCIOCCIO, ESQUIRE**,
Administrator of the Estate of **HENDRICO F.**
**SALATA, Sr. Deceased,**
835 West Lancaster Avenue, #200
Bryn Mawr, PA 19010

CIVIL ACTION

NO.

**JURY TRIAL DEMANDED**

        Plaintiff,

    vs.

**DON Y. CHUNG, M.D.**
Pottstown Memorial Medical Center
1600 E. High Street
Pottstown, PA 19464,
   and
**NAINESH PATEL, M.D.**
1591 Medical Drive
Pottstown, PA 19464,
   and
**POTTSTOWN HOSPITAL COMPANY,**
**LLC**
d/b/a and/or a/k/a POTTSTOWN MEMORIAL
MEDICAL CENTER
1600 E. High Street
Pottstown, PA 19464,

        Defendants

## CERTIFICATE OF MERIT AS TO DON Y. CHUNG, M.D.

    I, Eric Weitz, Esquire, certify that an appropriate, licensed professional has supplied a

written statement to the undersigned that there is a basis to conclude that the care, skill or

knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the

subject of this Complaint, fell outside acceptable professional standards, and that such conduct

was a cause in bringing about the harm to Hendrico Salata.

MESSA & ASSOCIATES, P.C.

BY:    *s/ Eric H. Weitz, Esquire*
               Eric H. Weitz, Esquire
               Attorney for Plaintiffs

Date: March 25, 2014

EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

**VINCENT S. DiCIOCCIO, ESQUIRE,**
Administrator of the Estate of **HENDRICO F.**
**SALATA, Sr. Deceased,**
835 West Lancaster Avenue, #200
Bryn Mawr, PA 19010

     Plaintiff,

  vs.

**DON Y. CHUNG, M.D.**
Pottstown Memorial Medical Center
1600 E. High Street
Pottstown, PA 19464,
  and
**NAINESH PATEL, M.D.**
1591 Medical Drive
Pottstown, PA 19464,
  and
**POTTSTOWN HOSPITAL COMPANY,**
**LLC**
d/b/a and/or a/k/a POTTSTOWN MEMORIAL
MEDICAL CENTER
1600 E. High Street
Pottstown, PA 19464,

     Defendants

CIVIL ACTION

NO.

**JURY TRIAL DEMANDED**


## CERTIFICATE OF MERIT AS TO NAINESH PATEL, M.D.

  I, Eric Weitz, Esquire, certify that an appropriate, licensed professional has supplied a

written statement to the undersigned that there is a basis to conclude that the care, skill or

knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the

subject of this Complaint, fell outside acceptable professional standards, and that such conduct

was a cause in bringing about the harm to Hendrico Salata.

                                        MESSA & ASSOCIATES, P.C.


                            BY:     _s/ Eric H. Weitz, Esquire_____
                                    Eric H. Weitz, Esquire
                                    Attorney for Plaintiffs
Date: March 25, 2014

EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

**VINCENT S. DiCIOCCIO, ESQUIRE,**
Administrator of the Estate of **HENDRICO F.**    CIVIL ACTION
**SALATA, Sr. Deceased,**
835 West Lancaster Avenue, #200    NO.
Bryn Mawr, PA 19010

                **JURY TRIAL DEMANDED**

           Plaintiff,

      vs.

**DON Y. CHUNG, M.D.**
Pottstown Memorial Medical Center
1600 E. High Street
Pottstown, PA 19464,
    and
**NAINESH PATEL, M.D.**
1591 Medical Drive
Pottstown, PA 19464,
    and
**POTTSTOWN HOSPITAL COMPANY,
LLC**
d/b/a and/or a/k/a POTTSTOWN MEMORIAL
MEDICAL CENTER
1600 E. High Street
Pottstown, PA 19464,

          Defendants

## CERTIFICATE OF MERIT AS TO POTTSTOWN HOSPITAL COMPANY, LLC

I, Eric Weitz, Esquire, certify that an appropriate, licensed professional has supplied a

written statement to the undersigned that there is a basis to conclude that the care, skill or

knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the

subject of this Complaint, fell outside acceptable professional standards, and that such conduct

was a cause in bringing about the harm to Hendrico Salata; and

I also certify that the claim that this defendant deviated from a professional standard is based on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and that an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of this Complaint, fell outside acceptable professional standards, and that such conduct was the cause of harm to Hendrico Salata.

MESSA & ASSOCIATES, P.C.

BY:     *s/ Eric H. Weitz, Esquire*
        Eric H. Weitz, Esquire
        Attorney for Plaintiffs

Date: March 25, 2014